IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:25-cv-00721-M-RN

| | |
|---|---|
| CLIFTON KEITH JEFFRIES, <br><br> PLAINTIFF, <br><br> v. <br><br> UNITED WHOLESALE MORTGAGE; MATHEW ISHBIA; CT CORPORATION; and, VERIZON WIRELESS, <br><br> DEFENDANTS | |

### DEFENDANTS UNITED WHOLESALE MORTGAGE AND MATHEW ISHBIA's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants, United Wholesale Mortgage ("UWM") and Mathew Ishbia ("Mr. Ishbia") (hereinafter collectively referred to as "Mortgage Defendants"), by and through the undersigned counsel, and hereby submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint ("Complaint") filed by Plaintiff, Clifton Keith Jeffries ("Plaintiff") pursuant to Rule 12(b)(2), Rule 12(b)(4), Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### INTRODUCTION

Plaintiff filed the Complaint in this matter on November 10, 2025, subsequent to Defendant UWM's efforts to collect a debt relating to a mortgage loan it provided to Plaintiff. On or around April 11, 2025, Plaintiff obtained a mortgage loan from UWM's predecessor in interest, Priority 1 Lending, LLC, in the original principal amount of $435,441.00 (the "Loan"). Plaintiff is the sole borrower under the Note. To ensure repayment of the Note, the Note is secured by a deed of trust

1

of even date executed by Plaintiff ("Deed of Trust") pledging as collateral, real property, located at 105 Baker Farm Drive, Youngsville, North Carolina 27596 ("Subject Property"). An accurate and complete copy of the Deed of Trust marked as Exhibit A is attached hereto and incorporated herein by reference.[1] Subsequent to the origination of Loan, Priority 1 Lending, LLC sold, transferred, and assigned its interest in the Loan to UWM. Since the Loan originated, Plaintiff has yet to make a single monthly payment under the Loan as required by the terms of the Note and Deed of Trust.

In his Complaint, which is comprised of little to no factual allegations, Plaintiff asserts only one claim against Defendant UWM wherein he alleges violation of § 1692 of the Federal Debt Collection Practices Act ("FDCPA") for Defendants' purported failure to verify the debt. D.E. 1, pp. 1-2. Defendant, Mathew Ishbia, is the CEO of UWM and appears to have been named as a defendant in this action based of Plaintiff's contention that Mathew Ishbia received a certified request for the verification and validation of the debt. There are no other facts or allegations against this Defendant. For the reasons stated below, Plaintiff's claim against UWM and Mr. Ishbia should be dismissed as a matter of law.

## ARGUMENT

I. **PLAINTIFF FAILED TO INVOKE PERSONAL JURISDICTION AS TO THE MORTGAGE DEFENDANTS DUE TO PLAINTIFF'S FAILURE TO PROPERLY EFFECTUATE PROPER SERVICE OF PROCESS.**

Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure for Plaintiff's failure to effectuate proper service

---

[1] Plaintiff's Complaint specifically references the Loan that is owed to Defendant, and which is evidenced by the Note and Deed of Trust. This Court may take judicial notice of the Deed of Trust as it is a publicly recorded document that was recorded in the Franklin County Register of Deeds. *See SunTrust Bank, N.A. v. Macky* (*In re McCormick*), 669 F.3d 177 (2012).

of process on the Mortgage Defendants. This Court therefore does not have personal jurisdiction over the Mortgage Defendants. Service is improper because (1) Plaintiff failed to serve a copy of the Complaint on the Mortgage Defendants with the summons; (2) Plaintiff failed to direct the summons to an officer, director, or authorized agent of Defendant UWM; and (3) Plaintiff failed to prove service by submitting a notarized affidavit attesting to proof of service.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). Service rules "are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984). "Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1135-36 (4th Cir. 1984).

Plaintiff bears the burden of proving that process has been executed in conformity with Rule 4 of the Federal Rules of Civil Procedure. *Hammonds v. State DOT of DMV*, No. 7:19-CV-72-FL, 2019 U.S. Dist. LEXIS 195750, at *2 (E.D.N.C. Nov. 12, 2019). Rule 4(c)(1) of the Federal Rules of Civil Procedure states, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." A plaintiff is required to serve both the summons and copy of the complaint on a defendant to an action. Here, that did not happen. Initially, Plaintiff only served the Civil Summons that was issued November 10, 2025, and directed to CT Corporation, upon Defendant UWM and did not serve a copy of the Complaint. Further Mr. Ishbia, did not receive service of either summons or Complaint. The content of the service was improper, as it lacked a copy of

3

the Complaint. Thereafter, UWM did receive additional service attempts from Plaintiff and on January 9, 2026, Defendant UWM received the same summons directed to CT Corporation dated November 10, 2025, but this time a copy of the Complaint was attached. Mr. Ishbia has yet to receive a copy of the summons or Complaint. Because the first attempt failed to include a copy of the Complaint and because the second attempt included a summons directed to a different defendant, service is deficient.

Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure for failure to effectuate proper process as a result of the deficient documents that were served on the Mortgage Defendants. See *Garvey v. Fayetteville State Univ.*, No. 5:25-CV-41-BO-BM, 2025 U.S. Dist. LEXIS 184895, at *4 (E.D.N.C. Sep. 19, 2025).

Further, Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the sufficiency of service of process. *Wilkerson v. Christian*, No. 1:06CV00871, 2008 U.S. Dist. LEXIS 12744, at *1 (M.D.N.C. Feb. 19, 2008). A court must grant a defendant's Rule 12(b)(5) motion to dismiss if the plaintiff fails to serve a copy of the summons and complaint in satisfaction of Rule 4 of the Federal Rules of Civil Procedure. *Id.* While technical requirements of service of process should be liberally construed as long as a defendant had actual notice of lawsuit, the fact of actual notice does not excuse plain noncompliance with process requirements. *Id.*

North Carolina's service rules, applicable here through Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), allow service on a corporation, like UWM, by "registered or certified mail, return receipt requested, addressed to the officer, director, or agent to be served." N.C. R. Civ. P. 4(j)(6)(c). In accordance with N.C. R. Civ. P. 4(j)(8), Plaintiff must direct the summons to an officer, director, managing agent, member of the governing body or an agent with authority to accept service.

4

The summons that UWM received is issued to "CT Corporation System" and addressed to "160 Mine Lake Ct. ste. 2, Raleigh, NC 27615." D.E. 4. p 7. It is common for CT Corporation System to serve as an authorized registered agent for various corporations; however, the way the summons was issued, there is no way to identify which Defendant Plaintiff was trying to serve as there are multiple corporate defendants named in this action, including CT Corporation System. Because Plaintiff failed to direct the summons to an officer, director, managing agent, member of the governing body or an agent with authority to accept service, Plaintiff has failed to effectuate proper service on defendant UWM. Because of these deficiencies, this Court is without jurisdiction over UWM, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

As for Mr. Ishbia, Mr. Ishbia is the CEO of UWM, however, due to the lack of factual allegations, it is unclear if Mr. Ishbia is being named in his capacity as CEO or if Mr. Ishbia is named individually. Therefore, Plaintiff has failed to effectuate proper service on Mr. Ishbia for the failure to identify the capacity in which Mr. Ishbia is being named. Further as discussed above, Mr. Ishbia has not been served with a copy of any summons or Complaint. Because of these deficiencies, this Court is without jurisdiction over Mr. Ishbia, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

Lastly, Plaintiff failed to provide an affidavit from the person effectuating service in violation of Rule 4(l) of the Federal Rules of Civil Procedure. Rule 4(l) of the Federal Rules of Civil Procedure requires an affidavit. Fed. R. Civ. P. 4(l)(1). Plaintiff failed to file any type of affidavit of proof of service with the Court in violation of Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff has failed to properly serve the Mortgage Defendants, and

Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(2), Rule 12(b)(4), and Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## II. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM UNDER THE FDCPA.

A complaint should be dismissed for failure to state a claim under Rule 12(b)(6) if it contains "naked assertions[s] devoid of further factual enhancement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007); see also, *Barber v. Country-Wide Home Loan, Inc.,* 2:09 cv 40; 2009 U.S. District Lexis 123939, *6 (W.D.N.C. October 7, 2009); *First Financial Savings Bank, Inc. v. American Bankers Ins. Co.,* 699 F. Supp. 1158, *7 (E.D.N.C. 1988) (holding that a motion to dismiss was proper when the relief sought by plaintiff in the complaint was barred on its face). To survive a motion to dismiss, the pleading party must (1) allege facts that "raise a right to relief above the speculative level" and (2) that allege a cause of action that is plausible on face of the complaint. *Barber,* 2009 U.S. District Lexis 123939 at *6. In resolving a Rule 12(b)(6) motion, the Court must accept all plausible allegations in the complaint in the light most favorable to the plaintiff; however, the court is not required to blindly accept all well-pleaded allegations as true if such contain "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets Inc. v. J.D. Associates,* LLP, 213 F.3d 175, 180 (4th Cir. 2000). See, *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Barber,* 2009 U.S. District Lexis 123939 at *8.

Plaintiff's Complaint fails to satisfy the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires, in pertinent part, "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the plaintiff seeks." Fed. R. Civ. P. 8(a). Plaintiff's Complaint fails to establish any

of the necessary pleading requirements. Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed me accusation," but instead requires a heightened notice pleading requirement. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). To meet this heightened pleading requirement, Plaintiff's pleading must have "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Congress established the FDCPA to eliminate abusive debt collection practices. *Johnson v. BAC Home Loans Servicing, LP*, No. 5:10-CV-303-F, 2011 U.S. Dist. LEXIS 112245, at *17 (E.D.N.C. Sep. 29, 2011). 15 U.S.C. § 1692d prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Bryan v. Allied Interstate LLC*, 513 F. Supp. 3d 686, 689 (W.D.N.C. 2021). 15 U.S.C. § 1692g prescribes the validation of debts. The FDCPA does not define the term verification now explain what constitutes sufficient verification, however, the Fourth Circuit Court of Appeals has held that a verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). In order to prevail on a claim under the FDCPA, 15 U.S.C. § 1692 et seq., a plaintiff must sufficiently allege: (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited under the FDCPA. *Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 770.

Here, due to the lack of factual allegations in Plaintiff's Complaint, it is difficult to discern the facts underlying Plaintiff's purported claims. For example, Plaintiff fails to identify the debt, the property, or the Mortgage Defendants' relationship to the debt. Plaintiff does identify two specific sections of the FDCPA appearing to contend that the Mortgage Defendants purportedly

7

violated § 1962d and § 1962g of the FDCPA as a result of the Mortgage Defendants' failure to verify a debt. D.E. 1 pp 3-5.  The Complaint contains a few general statements that seem to indicate that Plaintiff may have submitted a debt validation request at some point in time, although it is unclear when it was submitted, where it was submitted, and what was contained in the debt validation request because Plaintiff does not include any of this information in the Complaint. D.E. 1 p 4.  Further, Defendants have no record of ever receiving any validation of debt requests from Plaintiff. Plaintiff then contends that the Mortgage Defendants failed to respond to any of these requests and instead continued to attempt to collect the debt owed by Plaintiff.  D.E. 1 p 4.

However, Plaintiff has failed to properly allege sufficient facts to state a claim for either section of the FDCPA. Specifically, Plaintiff has failed to allege sufficient facts in the Complaint to give Plaintiff standing, as a consumer defined by 16 U.S.C. § 1692, to assert claims under the FDCPA against the Mortgage Defendants. As such, the FDCPA claims should be dismissed.

A claim for relief must contain more than labels and conclusions. Twombly, 550 U.S. at 555.  Plaintiff's Complaint fails to even set out the most bare and general assertions of fact from which any actual dispute between Plaintiff and the Mortgage Defendants could arise.  Moreover, the fact that Plaintiff is pro se does not relieve them of their duty to adequately plead facts in the Complaint as "this court is not required to accept a pro se plaintiff's contentions as true and cannot ignore a clear failure to allege facts which would set forth a claim cognizable in a federal district court." *Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 770.   As such, Plaintiff's Complaint must be dismissed with prejudice.

8

Case 5:25-cv-00721-M-RN    Document 13    Filed 01/12/26    Page 8 of 10

## CONCLUSION

For the foregoing reasons, Defendants United Wholesale Mortgage and Mathew Ishbia respectfully request this Court grant their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2), Rule 12(b)(4), Rule 12(b)(5), and Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice.

Respectfully submitted this the 12th day of January, 2026.

> */s/ Claire Collins Dickerhoff*
> Claire Collins Dickerhoff
> N.C. State Bar No. 44306
> Hutchens Law Firm LLP
> Post Office Box 2505
> Fayetteville, North Carolina 28302
> Telephone:   (910) 864-6888
> Fax:         (910) 864-6848
> Claire.dickerhoff@hutchenslawfirm.com
> *Attorney for Defendants United Wholesale Mortgage and Mathew Ishbia*

# CERTIFICATE OF SERVICE

I hereby certify that, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint was filed electronically with the Clerk of Court using the CM/ECF system filing procedures in place for the U.S. District Court, Eastern District of North Carolina, and served upon the following parties by U.S. Mail, First Class, Postage Prepaid:

Clifton Keith Jeffries
105 Baker Farm Drive
Youngsville, NC 27596
*Plaintiff Pro se*

This the 12th day of January, 2026.

*/s/ Claire Collins Dickerhoff*
Claire Collins Dickerhoff
N.C. State Bar No. 44306
Hutchens Law Firm LLP
Post Office Box 2505
Fayetteville, North Carolina 28302
Telephone: (910) 864-6888
Fax: (910) 864-6848
Claire.dickerhoff@hutchenslawfirm.com
*Attorney for Defendants United Wholesale Mortgage and Mathew Ishbia*